IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PAUL DETTY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-623 |
| | : | |
| OFFICER MACINTYIER, | : | |
| <u>et al.</u> | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                                                                                            September 30, 2008

Plaintiff Michael Paul Detty ("Plaintiff") brings this <u>pro se</u> action against Defendants Officer MacIntyier, Doctor Davis, and Nurse Turner, alleging violations of 42 U.S.C. § 1983. Now before the Court is the Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 ("the Motion") of Defendant Davis ("Defendant"). For the reasons that follow, the Motion will be granted.

**I.    BACKGROUND**

Taking the evidence in the light most favorable to the Plaintiff, the pertinent facts are as follows:[1] On November 17, 2005, Plaintiff, at the time a pretrial detainee at the Bucks County Correctional Facility, was involved in a confrontation with another prisoner in the prison dining hall, and prison officers intervened. <u>See</u> Compl. 5. As a result of the incident, Plaintiff suffered an injury to his head and had pain in his lower back. <u>See</u> <u>id.</u> Approximately two hours after the incident, Defendant Turner, a prison nurse, examined Plaintiff. <u>See</u> <u>id.</u> at 5–6.

The next day, November 18, 2005, Plaintiff was treated by Defendant Davis, a prison

---

[1] The Court will address only those allegations relevant to the claims against Defendant Davis.

staff physician. See Aff. of Def. Davis ¶¶ 2, 7, attached to Mot. at Ex. B. Defendant found "a small bruise" on the right temporal area of Plaintiff's head. Id. ¶ 7. He then conducted a neurological examination of Plaintiff, including a cranial nerve examination, and found that Plaintiff was "within normal limits." Id. Defendant determined that in his opinion Plaintiff did not require an X-ray and instructed Plaintiff "to follow up" with him in two weeks. Id. Two days later, on November 20, 2005, Plaintiff visited a prison nurse about the injury to his head. See Prison Medical Report, attached to Mot. at Ex. C and to Pl.'s Opp. at Ex. 2A.[2]

Plaintiff subsequently posted bail. See Compl. 6. On November 23, 2005, he entered Lower Bucks Hospital and was diagnosed with a contusion to his head, a strained lumbar, and post-concussion syndrome. See Lower Bucks Hospital Medical Report, attached to Pl.'s Opp. at Ex. 2B. The hospital performed an X-ray, and Plaintiff was diagnosed with mild scoliosis with mild and moderate degenerative disc disease. See id. Plaintiff filed this action on February 14, 2007.

## II.    LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

---

[2]    The prison's medical report and the medical report from Plaintiff's treatment at Lower Bucks Hospital are both attached to Plaintiff's Opposition and labeled "Exhibit 2." For convenience, the Court will refer to the prison medical report as "Exhibit 2A" and the hospital report as "Exhibit 2B."

evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

**III.   DISCUSSION**

   **A.   Governing Standard**

In order to prevail on a Section 1983 claim, a plaintiff must demonstrate "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290–91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). "Accordingly, the first step in evaluating a § 1983 claim is to identify the exact contours of the underlying rights said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all."[3]

---

[3]   Defendant does not dispute that he was acting under color of state law.

Travillion v. Leon, 248 F. App'x 353, 355 (3d Cir. 2007) (citation omitted).

Plaintiff alleges that Defendant showed indifference to his medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment, see Compl. 7 ("Legal Claim Three") and in violation of his due process rights under the Fourteenth Amendment. See id. at 8 ("Legal Claim Four").[4] Because Plaintiff was a pretrial detainee at the time of his treatment, rather than a convicted prisoner, the Court analyzes his claims under the Fourteenth Amendment rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243–45 (1983); Fuentes v. Wagner, 206 F.3d 335, 343–44 (3d Cir. 2000).

In Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005), the Third Circuit clarified the applicable standards for the treatment of pretrial detainees in the context of complaints concerning medical treatment. See Montgomery v. Ray, 145 F. App'x 738, 739–40 (3d Cir. 2005) (stating that the rule announced in Hubbard applies to a pretrial detainee's claim of inadequate medical treatment). Now, courts in the Third Circuit have two relevant standards to consider when reviewing claims by pretrial detainees concerning medical treatment.

First, while Plaintiff's claim arises under the Fourteenth Amendment, the Eighth Amendment standard of Estelle v. Gamble, 429 U.S. 97 (1976), provides "a floor" below which the medical treatment of pretrial detainees must not fall.[5] See Hubbard, 399 F.3d at 165–66.

---

[4] Plaintiff also briefly references the Fourth, Fifth, and Sixth Amendments in his Complaint. The Due Process clause of the Fifth Amendment is not applicable in this case since Plaintiff was a state rather than federal pretrial detainee during the period at issue. Additionally, Plaintiff has not made any assertions against Defendant that would implicate his Fourth or Sixth Amendment rights.

[5] Defendant has briefed exclusively according to the Estelle standard and mistakenly labels Plaintiff's claim an Eighth Amendment claim. Plaintiff, proceeding pro se, notes correctly in his Opposition that he is protected by the Fourteenth rather than the Eighth

Under the Estelle standard, as interpreted by the Third Circuit, Plaintiff must show (1) that the Defendant was deliberately indifferent to his medical needs and (2) that his needs were serious. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle, 429 U.S. at 106).

Under Hubbard, the second standard to be applied "is whether [Plaintiff's treatment] amount[s] to punishment prior to an adjudication of guilt."[6] Hubbard, 399 F.3d at 158 (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Detention officials may not treat Plaintiff with "an expressed intent to punish."[7] Id. (quoting Bell, 441 U.S. at 530). Absent a showing of express intent to punish, the applicable two-step inquiry has been summarized by the court in Yelardy v. Taylor as follows:

> (1) whether any legitimate purposes are served by the conditions imposed; and (2) whether the conditions are rationally related to the purposes. Further, in assessing whether the conditions are reasonably related to the assigned purposes, the Third Circuit inquire[s] as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.

2006 U.S. Dist. LEXIS 9832, at *19–20 (D. Del. Mar. 14, 2006) (internal quotations and citations

---

Amendment, but he incorrectly states that the two standards are the same. See Pl.'s Opp. 14–15.

[6] The Third Circuit recently issued a short non-precedential opinion applying the Estelle Eighth Amendment-based standard to a pretrial detainee's claim of medical neglect without discussion of the Hubbard standard. See Watkins v. Cape May County Corr. Ctr., 240 F. App'x 985 (3d Cir. 2007) (per curiam). As such, the decision is in tension with Montgomery, 145 F. App'x at 739–40, which reversed and remanded to a district court because the court applied only the Estelle standard without consideration of the standard announced in Hubbard. See King v. City of Gloucester, 2007 U.S. Dist. LEXIS 65949, at *9–10 n.3 (D.N.J. Sept. 6, 2007) (noting the tension between the cases). Because Watkins is a non-precedential opinion, the Court will follow Montgomery and apply the Hubbard standard.

[7] Of course, even as to convicted prisoners, the government may never engage in the "unnecessary and wanton infliction of pain." See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

omitted); see also Bowers v. City of Philadelphia, 2007 U.S. Dist. LEXIS 5804, at *69 (E.D. Pa Jan. 25, 2007) (employing the above test with regard to a prisoner's claim of medical need).

The Third Circuit has not yet defined the relationship between the Estelle floor and the additional Hubbard standard in this context. As a result, the Court will consider Plaintiff's claim in light of each standard.

**B.    Analysis**

In the instant case, Plaintiff has failed to demonstrate that Defendant was deliberately indifferent to his medical needs.[8]

Plaintiff complains that Defendant did not order an X-ray for his back. However, Defendant's uncontroverted affidavit states that he considered, and decided against, ordering an X-ray. An inmate's disagreement with his medical treatment is insufficient to establish deliberate indifference. See Ayala v. Terhune, 195 F. App'x 87, 91 (3d Cir. 2006); Anderson v. Bureau of Prisons, 176 F. App'x 242, 243 (3d Cir. 2006). Additionally, Plaintiff previously had seen Defendant four times in the month prior to the dining hall incident for lower back problems related to degenerative disc disease. See Prison Medical Report. Rather than being deliberately indifferent, Defendant attended to Plaintiff's back condition regularly. At most, Plaintiff could claim Defendant was negligent in failing to choose a different course of treatment. However, Plaintiff has not raised a state-law negligence claim, and mere negligence is not actionable under § 1983. See White v. Napoleon, 897 F.2d 103, 108–09 (3d Cir. 1990).

---

[8]   Because Plaintiff has failed to demonstrate deliberate indifference, the Court will not inquire into the severity of his medical needs.

Plaintiff also complains of Defendant's treatment of his head injury and in particular that Defendant failed to send him to the hospital. However, Defendant examined Plaintiff's head wound the day after the injury. He also determined that Plaintiff had normal neurological functioning. When Plaintiff did go to the hospital after being released, he was diagnosed with a contusion and post-concussion syndrome. These are both generally mild conditions,[9] so Plaintiff did not have a pressing need to attend a hospital that Defendant overlooked. Therefore, Defendant's attention to Plaintiff's head injury was not constitutionally deficient. As stated above, it is not deliberate indifference for Defendant to have chosen a different treatment course than Plaintiff preferred.

Plaintiff also claims in his Complaint that he made "numerous requests" for medical treatment that were denied. See Compl. 5. However, he has not produced any evidence to demonstrate that he made any requests to Defendant that Defendant ignored or denied. Moreover, Defendant has stated in his affidavit that Plaintiff received assistance from either Defendant or a prison nurse in response to each of his three requests for medical attention in the period following the incident in the dining hall. See Aff. of Def. Davis ¶¶ 6–9. Because no evidence exists to show that Plaintiff made unheeded requests for medical attention, his claim cannot survive summary judgment.

Plaintiff also cannot demonstrate that Defendant's treatment violated the Hubbard standard. There are no allegations that Defendant acted intentionally to punish Plaintiff.

---

[9] According to the treating hospital, post-concussion syndrome "frequently follows concussions and other minor head injuries" and "is not due to any problem with the brain [and requires] no special treatment." Pl.'s Opp. at Ex. 2B. The hospital advised Plaintiff that post-concussion syndrome "will usually clear up on its own after several days or weeks with no further neurological problems." Id.

Defendant's treatment decisions were rationally related to the legitimate purposes of treating Plaintiff's medical needs appropriately.  Defendant did not impose additional suffering, and his decisions were reasonably calculated to serve Plaintiff's overall medical interest.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PAUL DETTY** | **CIVIL ACTION** |
| v. | NO. 07-623 |
| **OFFICER MACINTYIER,** <u>et al.</u> | |

## ORDER

**AND NOW**, this 30th day of September, 2008, upon consideration of Defendant's Motion for Summary Judgment (docket no. 36) and Plaintiff's Opposition thereto (docket no. 38), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  Accordingly, Plaintiff's Complaint as against Defendant Davis is **DISMISSED**.

BY THE COURT:

/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN,  J.